**UNIONMUTUAL STOCK LIFE INSUR-
ANCE COMPANY OF AMERICA,
Plaintiff, Appellee,**

v.

**BENEFICIAL LIFE INSURANCE
COMPANY, Defendant,
Appellant.**

No. 85–1315.

United States Court of Appeals,
First Circuit.

Argued Sept. 12, 1985.

Decided Oct. 9, 1985.

Larry A. Kirkham, Salt Lake City, Utah, with whom Craig T. Vincent, Randy B. Coke, Beaslin, Nygaard, Coke & Vincent, Salt Lake City, Utah, and Murray, Plumb & Murray, Portland, Me., were on brief, for defendant, appellant.

John J. O'Leary, Jr., Portland, Me., with whom Kevin F. Gordon, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., were on brief, for Unionmutual Stock Life Ins. Co. of America.

Before COFFIN, ALDRICH and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

This appeal is taken from a district court's granting of a motion to compel Beneficial Life Insurance Company to enter into arbitration with Unionmutual Stock Life Insurance Company. Beneficial also appeals from the district court's denial of a motion to dismiss the proceedings for lack of personal jurisdiction and the district court's determination that service and notice requirements were properly met. We affirm the district court in all respects.

## BACKGROUND

On December 29, 1983, Unionmutual Stock Life Insurance Company, a Maine insurance company, and Beneficial Life Insurance Company, a Utah insurance company, entered into a Portfolio Indemnification Reinsurance Agreement. The Agreement included a provision that called for "any difference arising in reference to a transaction under the agreement" to be arbitrated in Portland, Maine.

One year later, on December 27, 1984, Beneficial informed Unionmutual that it was rescinding the Agreement because the passage by Congress in July 1984 of the Deficit Reduction Tax Act frustrated the purpose of the contract. In response, Unionmutual filed an application in the United States District Court for the District of Maine seeking an order compelling Beneficial to arbitrate its attempted rescission. The petition was filed on January 14, 1985 and notice of the petition was mailed to Beneficial and received on January 18, 1985. Ten days later, on January 28, Unionmutual filed a motion in district court requesting a hearing on the previously filed petition. On January 29, the clerk of the district court announced that a hearing before the magistrate would be held on February 1 and Beneficial's counsel was informed of this date by Unionmutual's counsel.

At the February 1 hearing, Beneficial moved to dismiss the petition on the grounds that it had not acknowledged service of the petition, that it had not received timely notice of the hearing, and that the Maine court lacked personal jurisdiction over it. In addition, Beneficial argued that the controversy between the parties was not within the scope of the arbitration clause contained in the Agreement. The magistrate denied the motion to dismiss and granted the motion to compel arbitration. The district court, making de novo determinations of the court's personal jurisdiction and the scope of the arbitration clause, affirmed the magistrate in all respects.

### A. Service and Notice

The Federal Arbitration Act, 9 U.S.C. § 4, provides that a party aggrieved by the alleged refusal of another to arbitrate under a written agreement may petition a federal district court for an order directing that arbitration proceed in the manner provided for in the agreement. The statute requires that the party in default receive "five days notice in writing of such application" and that service be made "in the manner provided by the Federal Rules of Civil Procedure." 9 U.S.C. § 4. Following the filing of the petition for an order, the court holds a hearing to determine if an order compelling arbitration should be entered. *Id.*

In this case, Unionmutual filed its petition for an order on January 14, 1985. It served the petition in the manner provided by Fed.R.Civ.P. 4(c)(2)(C)(ii) by sending a copy of the notice to Beneficial by registered mail, return receipt requested. The return receipt showed that delivery was made on January 18, 1985, and on February 1, counsel for Beneficial signed the form acknowledging receipt of the summons on January 18. The hearing was held fourteen days later, on February 1. ▮ The service and notice received by Beneficial satisfied the five days notice requirement set out in the Federal Arbitration Act. The fact that the Act provides that service be made "in the manner" provided by the Federal Rules of Civil Procedure must be held to refer, as its language suggests, to the *manner* in which notice is sent and not to the specific time provisions of the Federal Rules. In this case, service by registered mail accorded with the manner provided for by Fed.R.Civ.P. 4. To hold that, in addition, the twenty-day response period of Fed.R.Civ.P. 12(a) is incorporated in the Federal Arbitration Act would run contrary to the specific time provisions set forth by the Act.

▮ The fact that Unionmutual used Form 18–A to serve notice of its petition for an order does not result in its waiver of the shorter time requirements of the Federal Arbitration Act. Form 18–A, used to implement Fed.R.Civ.P. 4, refers to the twenty-day time period allowed by Fed.R.Civ.P. 12. Unionmutual used that form because it was coupling its petition for an arbitration order with an ordinary complaint for a declaratory judgment. As the magistrate noted, although a responsive pleading to the complaint for declaratory judgment may not have been due until February 20, there is no reason to extend the longer time period to the arbitration application.

▮ As of January 18, therefore, Beneficial was on notice that a hearing on the order compelling arbitration could be held by the district court any time after January 23. As the magistrate correctly noted, the filing of a motion by Unionmutual on January 28 to bring on the hearing does not alter the service and notice already received by Beneficial. We therefore affirm the district court in holding that Beneficial received adequate service and notice of the hearing to compel arbitration.

### B. Personal Jurisdiction

▮ Beneficial argues that the district court wrongfully asserted personal jurisdiction over it. Beneficial asserts that its agreement to arbitrate in Maine did not imply a concomitant consent to submit to the personal jurisdiction of Maine courts.

Beneficial further asserts that it had insufficient contacts with Maine to meet the due process requirements of personal jurisdiction. Because we find that Beneficial had impliedly consented to the jurisdiction of Maine courts when it agreed to arbitrate in Maine, we need not decide whether Beneficial also had "minimum contacts" with the state of Maine to justify the assertion of personal jurisdiction.

The Agreement between Beneficial and Unionmutual provided that arbitration between the parties would be held in Portland, Maine. A number of courts have held that consent to arbitrate a dispute within a particular forum's jurisdiction includes an implied consent by the parties to accept the jurisdiction of that forum's courts. *See Atlanta Shipping Corp. v. Cheswick-Flanders & Co.*, 463 F.Supp. 614, 618 (S.D.N.Y. 1978) ("If the parties agreed to arbitrate in New York, then it is as if they were physically present in New York; they have consented in advance to New York jurisdiction."); *Victory Transport, Inc. v. Comisaria General*, 336 F.2d 354, 363 (2d Cir. 1964), *cert. denied*, 381 U.S. 934, 85 S.Ct. 1763, 14 L.Ed.2d 698 (1965). *See also* 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.02[3] n. 22 (1982) ("Agreement to arbitrate in a particular state amounts to a consent to the jurisdiction of the courts of that state to compel enforcement of the agreement to arbitrate ... so long as there is actual notice of the action to compel arbitration.").

The United States Supreme Court, in describing various ways in which the requirement of personal jurisdiction may be waived, has referred to the fact that lower courts have found consent to personal jurisdiction to be implicit in agreements to arbitrate. *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703–04, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982) ("A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court.... [L]ower federal courts have found such consent implicit in agreements to arbitrate.").

When Beneficial agreed to arbitrate in Portland, Maine, and agreed that Maine law would govern the contract, it impliedly consented to the personal jurisdiction of Maine courts. Beneficial's assertion that consent should not be implied because the arbitration clause in this case does not explicitly make mention of *courts* is not persuasive. Decisions finding implied consent through arbitration clauses have focused on the fact that the parties agreed to arbitrate in a particular forum, and not on the fact that a phrase in the arbitration clause explicitly made mention of courts or jurisdiction. The essential factor is that the parties agreed to arbitrate in a particular forum and thus may be expected to have consented to the jurisdiction of that forum's courts in a request for an order compelling arbitration.

■ We are not persuaded by Beneficial's argument that implied consent should not be enforced in this case because such enforcement would be unfair. We do agree that, in circumstances in which an agreement to arbitrate in a particular state is found to be unfair or unreasonable, courts should not enforce an implied consent to jurisdiction flowing from that arbitration agreement. Such a case may exist when the forum set by the arbitration clause has little relation to the underlying contract and the parties are not of equal bargaining power. *Cf. Leasewell, Ltd. v. Jake Shelton Ford, Inc.*, 423 F.Supp. 1011, 1015–17 (S.D.W.Va.1976) (court will not enforce a "choice of forum" clause when the forum has no relation to the contract and the clause was not bargained for between two equal parties); *First National Monetary Corp. v. Chesney*, 514 F.Supp. 649, 654–56 (E.D.Mich.1980) (pursuant to state statute, a "consent to jurisdiction" clause will not be enforced where the agreement is improperly obtained between parties of unequal bargaining strength). In this case, however, the agreement to arbitrate in Portland, Maine was made between two commercially sophisticated insurance companies of equal bargaining power. There

is no evidence to suggest that it would be unfair or unreasonable to enforce against Beneficial the provision calling for arbitration in Portland and to find that Beneficial has impliedly consented to the jurisdiction of Maine courts by agreeing to that arbitration clause.

### C. Scope of the Arbitration Clause

The arbitration clause agreed to by the parties provides that: "In the event of any difference arising hereafter between the contracting parties with reference to any transaction under this Agreement, the same shall be referred to three arbitrators ..." We agree with the district court that Beneficial's attempted rescission of the entire agreement falls within the scope of this arbitration clause.

The Supreme Court has recently reaffirmed that " 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration ....' " *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.,* —— U.S. ——, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985) (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). In our decision in *Mitsubishi,* we too emphasized that "all doubts are resolved in favor of arbitration; arbitration will be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.,* 723 F.2d 155, 159 (1st Cir.1983) (quoting *United Steelworkers of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960)), *rev'd on other grounds,* —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

In this case, it cannot be said "with positive assurance" that the arbitration clause is not susceptible of an interpretation that covers the dispute. The attempted rescission would undo the central transaction under the Agreement—Beneficial's transfer to Unionmutual of approximately $50 million of life insurance premiums and reserves. We agree with the magistrate's conclusion that it is difficult to see how the contention that a party should not have to complete *any* transaction under the Agreement should not be seen as a "difference ... with reference to any transaction under the agreement." Beneficial has not carried its burden of proving that the arbitration clause cannot be interpreted to cover this dispute.

### D. Severability of the Arbitration Clause

Beneficial argues that its notice of rescission of the entire Agreement effectively rescinded the arbitration provision as well. Alternatively, Beneficial now advances the argument on appeal that the arbitration clause itself must fail because there was no "meeting of the minds" on that clause. We do not find either argument to be persuasive.

The severability doctrine regarding arbitration clauses was set forth by the Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The Supreme Court held that, under the Federal Arbitration Act, there must be an independent challenge to the making of an arbitration clause before a court may avoid granting an otherwise proper motion to compel arbitration. 388 U.S. at 402–04, 87 S.Ct. at 1805–06. The Court adopted the view of the court of appeals for the Second Circuit that "arbitration clauses as a matter of federal law are 'separable' from the contracts in which they are embedded, and that where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud." 388 U.S. at 402, 87 S.Ct. at 1805.

In this case, the arbitration clause is separable from the contract and is not re-

scinded by Beneficial's attempt to rescind the entire contract based on mutual mistake and frustration of purpose. Beneficial never argued below that the arbitration clause itself was invalid because of either mutual mistake or frustration of purpose. The district court thus properly concluded that "the making of the agreement for said arbitration ... is not in issue", a finding it was required to make before it could appropriately enter an order compelling arbitration.

Contrary to Beneficial's assertion, the fact that its attempt to rescind the entire agreement is based on the grounds of frustration of purpose rather than on fraud in the inducement does not change applicability of the severability doctrine. The teaching of *Prima Paint* is that a federal court must not remove from the arbitrators consideration of a substantive challenge to a contract unless there has been an independent challenge to the making of the arbitration clause itself. The basis of the underlying challenge to the contract does not alter the severability principle. Thus, the Seventh Circuit, applying *Prima Paint* to a case similar to the one before us, held that a party could not avoid arbitration through rescission of an entire agreement when it had made no independent challenge to the arbitration clause. *See, Wilson Wear, Inc. v. United Merchants & Manufacturers, Inc.,* 713 F.2d 324, 327–28 (7th Cir.1983).

Beneficial now argues, on appeal, that it *is* challenging the validity of the arbitration clause on the grounds that there was never a "meeting of the minds" on that provision. Beneficial points out that the agreement between Beneficial and Unionmutual was only one of three agreements that were entered into at the same time concerning the same transactions. The two related agreements, between Beneficial and the North American Reassurance Company (NAR) and between Unionmutual and NAR, called for arbitration to be held in New York City. Beneficial argues that this fact proves that the parties could never have intended that an arbitration solely between Beneficial and Unionmutual should be held in Maine and thus that the

arbitration clause must fail for lack of a "meeting of the minds".

We find Beneficial's argument to fail for two reasons. First, Beneficial never raised such a challenge to the arbitration clause before the magistrate or the district court and is therefore precluded from raising it now on appeal. *See Wightman v. Bureau of Alcohol, Tobacco & Firearms,* 755 F.2d 979, 983 (1st Cir.1985). Second, even if Beneficial's various suggestions below that the magistrate and district court must look to the intent of the parties in construing the Agreement could somehow be interpreted as a direct challenge to the arbitration clause, there is no ambiguity in the arbitration clause to justify a finding that it fails for the lack of a "meeting of the minds". Maine contract law provides that "[c]ontract language is ambiguous when it is reasonably susceptible of different interpretations", *Portland Valve, Inc. v. Rockwood Systems Corp.,* 460 A.2d 1383, 1387 (Me.1983), and that "unambiguous language in the contract must be given its plain and generally accepted meaning." *Aroostook Valley Railroad Co. v. Bangor & Aroostook Railroad Co.,* 455 A.2d 431, 433 (Me.1983). In this case, the contract language unambiguously calls for arbitration to be held in Portland, Maine. The fact that two related agreements, each entered into with a party located in New York City, called for arbitration in New York, does not impute ambiguity to contract language that is otherwise plain on its face.

## CONCLUSION

The differences between the parties arising from Beneficial's attempt to rescind the entire Agreement is covered by the arbitration clause between Beneficial and Unionmutual and the district court properly entered an order compelling arbitration. Beneficial was subject to the personal jurisdiction of the Maine district court through its implied consent to such jurisdiction incorporated in the arbitration agreement. Finally, Unionmutual's service and notice

to Beneficial adequately met the requirements of the Federal Arbitration Act.

*We therefore affirm the district court in all respects.*