WILHARM, Exr., Appellee,

v.

M.J. CONSTRUCTION COMPANY, Appellant.

[Cite as *Wilharm v. M.J. Constr. Co.* (1997), 118 Ohio App.3d 531.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70834.

Decided March 3, 1997.

*Baker & Hostetler, Diane P. Chapman* and *Beth A. Brandon; Sonkin, Fromson, Kess & Koberna Co., L.P.A.,* and *Mark R. Koberna,* for appellee.

*Lustig, Icove & Lustig, Robert M. Lustig* and *Susan M. Evans,* for appellant.

---

*Per Curiam.*

This case came on for hearing upon the accelerated calendar of our court pursuant to App.R. 11.1 and Loc. R. 25, the records from the court of common pleas, and the briefs and oral arguments of counsel. This docket allows for statements of the reasons for our decision to be in brief and conclusionary form.

M.J. Construction Company here appeals from an order of the common pleas court denying its motion to dismiss the case or stay the matter pending outcome of an arbitration proceeding arising out of a contract for construction of a

$1,001,500 home that it agreed to build in the Barrington Subdivision in Aurora, Ohio for Thomas H. Taylor, Jr., a seventy-two-year-old widower.

The parties used a standard American Institute of Architects ("AIA") contract which contained language on the signature page obligating the heirs, executors, administrators, successors, and assigns of both parties. Also, the contract contained an arbitration clause which provided in part:

"*All claims or disputes* between the Contractor and the Owner *arising out [of] or relating to* the Contract, or the breach thereof, shall be decided by arbitration * * *." (Emphasis added.)

At the time of signing, Taylor delivered a $75,000 deposit to the contractor. Approximately one week later, however, Taylor's daughter contacted the contractor, reported that her father had a terminal illness, and requested that no further work be done on the home. On November 2, 1994, Taylor died.

In December 1994, the executor of the estate of John H. Taylor, Jr., John H. Wilharm, advised the contractor of his intention to rescind the contract and requested the return of the $75,000 deposit, less an appropriate adjustment for the reasonable value of the work already performed. However, instead of tendering payment, M.J. Construction Company requested an additional $34,-930.66 from the estate, claiming that its expenses and lost profits supported its claim for $109,930.66.

On March 20, 1995, the executor filed an action in common pleas court seeking to rescind the contract and recover the $75,000 deposit. In response, M.J. Construction Company filed its motion to dismiss or in the alternative to stay the matter pending arbitration asserting that the arbitration clause contained in the construction contract required all disputes to be resolved in arbitration. The trial court denied that motion, and M.J. Construction Company now appeals that order and assigns the following error for our review:

"The trial court erroneously denied M.J. Construction Company's motion to dismiss and for stay pending arbitration."

The appellant, M.J. Construction Company, asserts that the trial court erred in failing to refer this case to arbitration because appellee has not challenged the validity of the arbitration clause itself.

The appellee, John H. Wilharm, as executor of Taylor's estate, contends that the trial court properly denied the motion to dismiss because only a court has equitable jurisdiction to hear a claim for rescission based on a theory of frustration of purpose.

This case presents the narrow question of whether the trial court in equity or an arbitrator should resolve a claim for rescission based on the theory of frustration of purpose under a contract containing a broadly worded arbitration

clause where there is no challenge to the validity of the clause itself. We do not concern ourselves at this time with the issue of whether the claim for rescission based on frustration of purpose can be sustained on its merits.

Where rescission of an entire contract containing an arbitration clause is sought, the traditional argument *against* having the arbitrator decide the matter is that "rescission, if awarded by the arbitrator, vitiates the entire contract, including the arbitration agreement, thus removing the basis for the arbitrator's authority." Domke on Commercial Arbitration (Rev.Ed.1993) 99–100, Section 8:05. Courts, including the United States Supreme Court, "have dealt with this problem by adopting the doctrine of separability, whereby the arbitration clause is treated as an independent contract which is severable from the principal agreement." *Id.* at 100. See *Prima Paint v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

The doctrine is applicable where there is no direct challenge to the arbitration clause itself, such as inducement by fraud, and a court utilizes it in such circumstances by severing the clause, as a separate agreement to arbitrate, from the contract and compelling arbitration on all underlying claims challenging the contract. *Unionmutual Stock Life Ins. v. Beneficial Life Ins. Co.* (C.A.1, 1985), 774 F.2d 524, 528–529; *Prima Paint, supra,* at 403–404, 87 S.Ct. at 1805–1806, 18 L.Ed.2d at 1276–1278. The basis for the underlying challenge, fraud in the inducement, mutual mistake, or frustration of purpose, "does not change applicability of the severability doctrine." *Unionmutual Stock Life Ins., supra,* at 529. In effect the doctrine serves to save an arbitration clause from being rescinded when a claimant attempts to rescind an entire contract. *Id.*

Accordingly, a court is not permitted to consider a claim for rescission of an entire contract where there is no dispute as to the legitimacy of the arbitration clause. *Prima Paint, supra,* at 404, 87 S.Ct. at 1806, 18 L.Ed.2d at 1277–1287. In such situations, "the court must compel arbitration." *Weiss v. Voice/Fax Corp.* (1994), 94 Ohio App.3d 309, 313, 640 N.E.2d 875, 878. Thus, the general rule of law is that "in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration." *Id.*

Further, since the law favors and encourages arbitration, "a clause in a contract providing for dispute resolution by arbitration should not be denied effect 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. * * *' *Gibbons-Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 173, 517 N.E.2d 559, 562." *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 18, 550 N.E.2d 198, 200. Therefore, in situations where there is a broadly worded arbitration clause, as opposed to a clause which is limited as to what it governs, the clause "will be held to encompass arbitration" of a claim

regarding the validity of the entire contract. *Prima Paint, supra,* 388 U.S. at 402, 87 S.Ct. at 1805, 18 L.Ed.2d at 1276–1277. See Domke, *supra,* at 100.

In the present case no claim has been advanced by the appellee that M.J. Construction Company fraudulently induced Taylor to enter into the agreement to arbitrate, that it was based upon mutual mistake, or that any other grounds exist at law or in equity for which rescission of the arbitration clause itself would be an appropriate remedy. In fact, the appellee acknowledged in oral argument that the clause is valid.·

Additionally, the language of the arbitration clause, which states, in pertinent part, that it governs "all claims or disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof," can fairly be characterized as broad. Again, in oral argument, appellee recognized that the instant action for rescission "relates to" the construction contract within the meaning of the arbitration clause. Accordingly, since there is no challenge to the validity of the arbitration clause itself and because the clause is broadly worded, we conclude that an arbitrator, and not the trial court sitting in equity, should resolve the claim for rescission in this case.

Therefore, the order of the trial court denying the appellant's motion to dismiss or in the alternative to stay the matter is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., O'DONNELL and KARPINSKI, JJ., concur.