Ed COUGHLIN, Plaintiff,

v.

SHIMIZU AMERICA CORPORATION,
Defendant.

No. Civ. 97–942–FR.

United States District Court, D. Oregon.

Jan. 21, 1998.

David Paul, Paul & Sugerman, PC, Portland, OR, for Plaintiff.

Harry S. Chandler, Therasa A. Healy, Stoel Rives LLP, Portland, OR, Stephen L. Berry, Paul, Hastings, Janofsky & Walker, Los Angeles, CA, for Defendant.

## OPINION

FRYE, District Judge.

In this action, the plaintiff, Ed Coughlin, alleges that his employer, the defendant, Shimizu American Corporation (Shimizu), failed to pay overtime wages in violation of the federal Fair Labor Standards Act and the wage and hour laws of the State of Oregon. Before the court is 1) the motion of defendant Shimizu for an order compelling arbitration and dismissing the action (# 5-1), or alternatively staying the action pending arbitration (# 5-2), and for attorney fees (# 5-3); 2) the motion of defendant Shimizu to strike plaintiffs supplemental memorandum (# 20); 3) the motion of defendant Shimizu to strike plaintiffs statement putting the making, enforceability and terms of any alleged arbitration agreement at issue and demand for jury trial contained therein (# 18); and (4) the motion of the plaintiff to take judicial notice (# 21).

## BACKGROUND

Defendant Shimizu, a commercial construction company, first employed the plaintiff, Ed Coughlin, at its Los Angeles office on December 2, 1987.

On April 12, 1993, Coughlin entered into a written employment agreement with Shimizu. This employment agreement contains, among others, the following paragraphs:

5. *Term.* The term of this Agreement shall commence upon the execution hereof and shall continue until terminated by either party pursuant to Section 4 [employment at-will] above.

6. *Place of Employment.* Employee shall perform his duties at Shimizu America Corporation, Los Angeles office, unless otherwise directed by Employer.

. . . .

10. *No Representation.* . . . This Agreement contains the entire Agreement between Employee and Employer, and can only be modified or amended by a written document signed by both Employee and Employer.

11. *Arbitration.* Any dispute between Employee and Employer arising from this Agreement, of Employee's employment or termination of employment, shall be submitted to an impartial arbitrator for determination in accordance with the rules and procedures of the America Arbitration Association.

12. *Attorneys' Fees.* In the event of a dispute, the prevailing party shall be entitled to recover from the nonprevailing party all of the expenses and attorneys' fees incurred in connection with such dispute.

Declaration of Gay Benton dated July 15, 1997, Exhibit 1 at 1–2. The employment agreement also provides that Coughlin is employed at-will; that the employment agreement is governed by the terms of California Labor Code Section 2922; and that while Coughlin is employed as a marketing manager, his duties shall be determined by Shimizu.

Coughlin contends that he had to sign the written employment agreement in order to continue his employment with Shimizu. He contends that he did not understand at the time that he signed the employment agreement that he would be relinquishing any rights as an employee by signing such agreement.

Coughlin began working for Shimizu in its office in Tigard, Oregon on November 1, 1993. Shimizu contends that Coughlin transferred between offices. Coughlin contends that when he moved to the Tigard office, he was not transferred, but had to start anew as an employee and had to serve a 90-day probation period. Coughlin states that his title in the State of California was superintendent and his title in Tigard, Oregon was construction manager.

The payroll records for the years 1992 through 1997 reflect that Coughlin was hired by Shimizu on December 2, 1987. Coughlin's salary was decreased when he moved from the State of California to Tigard, Oregon. Coughlin lost the compensatory "time off" that he had accrued while working in the State of California. Employees of Shimizu accrue ten days of vacation time a year until they have completed five years of service, at which time they accrue fifteen days of vacation time a year. Coughlin's payroll records reflect that he was accruing fifteen days of vacation time a year from April through June of 1995. This is evidence that he had more than five years of service with Shimizu. He

continued to accrue fifteen days of vacation time a year in September of 1995.

In 1994, Shimizu decided to apply uniform employment policies in all of its offices throughout the country. On March 30, 1994, Coughlin, as an employee in the Tigard office of Shimizu, received a new employee handbook, a new employment agreement, and new arbitration forms. On April 4, 1994, Shimizu sent a memorandum to its employees in the Tigard office stating that it had not yet implemented the new employment agreement and new arbitration form, but that the new employee handbook was in effect. The Tigard employees of Shimizu were given the new employment agreement and new arbitration form in August of 1994, but were not required to sign them. Coughlin did not execute either agreement.

Coughlin signed an acknowledgement that was distributed with the new handbook stating that he understood that the handbook contains the policies of Shimizu that govern his employment and that he agreed to observe those policies. The handbook states, however, that the signing of the acknowledgement does not create a contractual commitment. The handbook also states: "This Handbook supersedes all other handbooks, manuals, statements of policy and oral or written representations concerning the subject matter contained in the Handbook." Affidavit of Ed Coughlin, Exhibit A at 6. The handbook states that newly hired or rehired employees must complete a three-month introductory period during which time employee benefits are limited. The handbook also states: "In the event that the problem or complaint is not resolved at this state [informal discussions with supervisor and a vice president], it shall be resolved through arbitration in accordance with the procedures set forth in the written agreement to arbitrate between the Company and the employee." *Id.*, Exhibit A at 25.

On June 20, 1997, Coughlin filed this action seeking overtime wages under federal and state laws. After service of the summons and complaint, counsel for Shimizu wrote counsel for Coughlin on June 30, 1997 requesting that Coughlin submit the dispute to arbitration as provided by the employment agreement. Coughlin refused to do so.

## RULINGS ON MOTIONS

### 1. *Shimizu's Motion to Strike Supplemental Memorandum*

Coughlin has filed a supplemental memorandum, in addition to his response brief, in which he cites *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756 (9th Cir.1997). Coughlin has submitted additional arguments based on *Nelson* and has included an office memorandum sent to another Shimizu employee. Shimizu moves to strike the supplemental memorandum, contending that Coughlin did not have leave of the court to file it; that the Nelson case was filed a few weeks before Coughlin filed his response memorandum; and that nothing new has been submitted to the court with the filing of the supplemental memorandum.

The motion of Shimizu to strike the supplemental memorandum is granted.

### 2. *Shimizu's Motion to Strike Statement Putting the Making of Arbitration Agreement at Issue*

When Coughlin filed a statement putting the making of the arbitration agreement at issue and demanding a jury trial, the court entered a minute order advising the parties that it would treat Coughlin's statement as a motion for a summary jury trial under 9 U.S.C. § 4 and would determine if there are any factual issues requiring determination by a jury after receiving declarations and other documentary evidence from the parties in support of their positions. Shimizu now moves to strike Coughlin's statement, contending that there are no factual issues to be determined; that Coughlin waived his right to a jury trial by failing to make a timely demand; and that the issues Coughlin specified exceed the scope of the summary jury trial authorized by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.* Coughlin contends that there are factual issues to be determined; that his demand for a jury trial included in his complaint was timely made; and that his demand for a jury trial in the complaint suffices as a request for a jury trial on the limited issue of whether the

parties entered into an arbitration agreement.

The FAA states, in relevant part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default ..., the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9 U.S.C. § 4.

The motion of Shimizu to strike Coughlin's statement putting the making of an arbitration agreement at issue is denied.

3. *Existence of an Arbitration Agreement*

■ Coughlin contends that the 1993 employment agreement was rescinded; that the contract is void because it violates the Fair Labor Standards Act (FLSA); and that Shimizu cannot rely on a contract that is allegedly breached by not paying overtime wages.

Under the FAA, the court must determine whether the making of the arbitration agreement is at issue, thus requiring a jury. Coughlin contends that the arbitration agreement did not apply when he began working as an employee of Shimizu in Tigard, Oregon.

Although Coughlin contends that the arbitration agreement, if any, was not in effect when he began working in Tigard, Oregon as a new employee of Shimizu, there is insufficient evidence to support his contention or to create a factual issue. There is no evidence that Coughlin resigned or was told by Shimizu that he was terminated before he began working in Tigard, Oregon for Shimizu. His payroll records indicate that his date of hire is 1987, and that there was no break in his employment between his work in Los Angeles, California and his work in Tigard, Oregon. The employment agreement states that Shimizu can change his duties and place of employment. Although the handbook states that Shimizu uses a probationary period for new employees, there is no evidence that Shimizu cannot use a probationary period for other reasons, such as at the beginning of a new job assignment or for disciplinary reasons. Companies may reduce wages without first terminating an employee. The wage reduction may have been the result of the lower cost of living in Tigard, Oregon. Coughlin continued to accrue vacation time at a rate indicating that he was not terminated. The court finds that Coughlin's employment did not terminate as a matter of law when he was transferred by Shimizu to Tigard, Oregon.

■ Coughlin did not execute the new arbitration form, so it has no relevance here. The new handbook, which was in effect as of April 1, 1994, states that (1) it supersedes any other representations concerning the subject matter contained in the handbook; and (2) complaints will be resolved through arbitration in accordance with the written agreement to arbitrate. In Coughlin's case, that would be the 1993 employment agreement. Nothing in the handbook contradicts the arbitration clause in the 1993 employment agreement. While the 1993 employment agreement is more detailed than the handbook, its subject matter is not contained in the handbook. The two documents can be given effect together.

The court concludes that the undisputed evidence is that an arbitration agreement was in place as specified in the 1993 employ-

ment agreement. There is nothing for a jury to decide.

### 4. *Notice*

Coughlin contends that under the terms of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, Shimizu is in default and has not given the five days notice in writing required to invoke the Act and, thus, is not entitled to a stay.

The FAA provides that a court may stay the trial of an action until arbitration is held "providing the applicant for the stay is not in default in proceeding with such arbitration." *Id.* at § 3. "Five days' notice in writing of such application [petition for an order compelling arbitration] shall be served upon the party in default." *Id.* at § 4.

Coughlin is the party refusing arbitration and, thus, is the party in default. On June 30, 1997, through correspondence between their attorneys, Shimizu put Coughlin on notice that it believed arbitration was the only correct way to resolve the dispute. On July 15, 1997, Shimizu filed the motion to compel arbitration. The motion was originally put on the court's calendar for August 18, 1997. Consequently, Coughlin had more than the five days of required notice. *See Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 526 (1st Cir.1985) (five days must elapse between notice of the motion and the hearing on the motion). Coughlin's procedural arguments that Shimizu cannot rely on the FAA fail.

### 5. *Compelling Arbitration*

Shimizu contends that the FAA and relevant case law require that Coughlin's claims be resolved through arbitration, as provided under the employment agreement. Coughlin contends that the employment agreement deprives him of a substantive right because it could require him to pay the attorney fees incurred by his employer, and the FLSA never requires that of employees. Because of the change in his substantive rights under the Act, Coughlin contends that he cannot be compelled to arbitrate his claim.

The FAA was enacted "to reverse the longstanding judicial hostility to arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24,

111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). The United States Supreme Court has concluded that the FAA demonstrates a " 'liberal federal policy favoring arbitration agreements.' " *Id.* at 25 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Statutory claims, as well as common law claims, may be arbitrated. *See Gilmer* (Age Discrimination in Employment Act subject to arbitration pursuant to NYSE Rule 347); *Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877, 883 (9th Cir.) (slander subject to arbitration pursuant to NYSE Rule 347), *cert. denied*, 506 U.S. 986, 113 S.Ct. 494, 121 L.Ed.2d 432 (1992). The party with dominant economic power may not require another to surrender substantive rights that Congress afforded them in a statute. *Graham Oil Co. v. Arco Prods. Co.*, 43 F.3d 1244, 1247 (9th Cir.1994), *cert. denied*, 516 U.S. 907, 116 S.Ct. 275, 133 L.Ed.2d 195 (1995); *Gilmer*, 500 U.S. at 26. Under certain statutes, such as Title VII and related state statutes, an employee must knowingly agree to arbitrate employment disputes before he waives his statutory rights. *Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1304 (9th Cir.1994), *cert. denied*, 516 U.S. 812, 116 S.Ct. 61, 133 L.Ed.2d 24 (1995). The *Lai* knowing waiver requirement does not apply to FLSA claims, however. *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 320 (9th Cir.1996).

Coughlin argues that he cannot be compelled to arbitrate his overtime claims because the employment agreement deprives him of substantive rights under the FLSA. The employment agreement provides that the prevailing party shall be entitled to recover expenses and attorney fees from the nonprevailing party. Coughlin contends that prevailing employers are not awarded attorney fees under the FLSA, and that he is deprived of a substantive right if he can be subjected to the payment of attorney fees. Shimizu contends that employers are occasionally awarded attorney fees under the FLSA, but that if Coughlin is the prevailing party, he will be awarded attorney fees by either this court or by an arbitrator.

The FLSA requires the court to award costs and reasonable attorney fees to a pre-

vailing plaintiff. 29 U.S.C. § 216(b). Although Shimizu cited a case in which a court approved of awarding attorney fees to defendants prevailing in a FLSA action because the plaintiff acted in bad faith or vexatiously, *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir.1985), it is uncommon for prevailing defendants to be awarded attorney fees.

As the plaintiff, Coughlin has the burden of proving that Congress restricted the enforcement of contracts to arbitrate FLSA claims. *Kuehner*, 84 F.3d at 319. In *Kuehner*, the United States Court of Appeals for the Ninth Circuit upheld an order compelling arbitration of FLSA claims because the court concluded that the arbitration agreement at issue did not deprive the plaintiff of any substantive rights. *Id.* at 320. The court in *Kuehner* did not directly discuss attorney fees, however. It did note that arbitrators have the full power to provide the legal and equitable remedies available under the statute absent a contrary contractual provision. *Id.*

In *Graham Oil Co. v. Arco Prods. Co.*, 43 F.3d 1244 (9th Cir.1994), *cert. denied*, 516 U.S. 907, 116 S.Ct. 275, 133 L.Ed.2d 195 (1995), the court held that an arbitration clause between a manufacturer/franchisor and a distributor/franchisee of gasoline products was invalid in light of the Petroleum Marketing Practices Act (PMPA). The PMPA allows a court to award prevailing franchisees punitive damages and attorney fees. In contrast, the arbitration clause precluded an award of punitive damages, required each party to bear its own attorney fees, and severely shortened the statute of limitations within which a franchisee must file an action. *Id.* at 1247–48. The court noted that the PMPA's award of attorney fees was to deter franchisors from improperly contesting meritorious claims. *Id.* at 1248. The court invalidated the arbitration clause because it compelled the franchisee to surrender important statutorily-mandated rights afforded by the PMPA. *Id.*

The employment agreement at issue here differs significantly from the arbitration clause in *Graham*. The employment agreement here requires the arbitrator to award attorney fees to the prevailing party. An arbitrator in *Graham* could not do so; each party was required to bear its own attorney fees. Thus, under the employment agreement, if Coughlin prevails on his overtime claims, the arbitrator has the authority to require Shimizu to pay Coughlin's attorney fees, just as this court would if it decided this action on the merits. Coughlin has all of the remedies available under the FLSA if he prevails in arbitration that he would have if he prevails in this court. Shimizu will be deterred from improperly contesting meritorious claims under the employment agreement because it can be saddled with Coughlin's attorney fees as well as its own. The court concludes that the employment agreement does not deprive Coughlin of any substantive rights. The court will compel arbitration of the dispute and will stay this action pending arbitration. FAA, 9 U.S.C. § 3 (providing for stay of action rather than dismissal).

6. *Coughlin's Motion to Take Judicial Notice*

Coughlin asks the court to take judicial notice under Fed.R.Evid. 201 of the American Arbitration Association's (AAA) National Rules for the Resolution of Employment Disputes, Arbitration and Mediation Rules, Effective June 1, 1996. Shimizu contends that the most recent rules went into effect on June 1, 1997. The parties also dispute the substance of the rules. For example, Coughlin contends that the rules would require him to advance a $2,000 filing fee while Shimizu contends that he would only have to advance a $500 filing fee.

Rule 201 states:

**(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Because the parties cannot agree which version of the rules apply and cannot agree as to the effect of either version of the arbitration rules, the court finds that the facts are not ones capable of ready determination.

The motion is denied. Without the rules, the court is unable to discuss the effect of *Cole v. Burns Int'l Security Servs.*, 105 F.3d 1465, 1483–86 (D.C.Cir.1997) (arbitration agreement and AAA rules interpreted so that employee is not required to pay any of the arbitrator's fees). The parties should direct any arguments concerning *Cole* to the arbitrator.

### 7. *Attorney Fees*

Shimizu asks for an award of $3,965 in attorney fees incurred in bringing this motion to compel Coughlin to arbitrate. Shimizu bases its motion on the attorney fees clause in the employment agreement, and alternatively contends that Coughlin has refused to arbitrate in bad faith. The court declines to award attorney fees to either party.

### CONCLUSION

The motion of Shimizu to dismiss (# 5–1) is denied. The motion of Shimizu to compel arbitration and to stay the action pending arbitration (# 5–2) is granted. The motion of Shimizu for attorney fees (# 5–3) is denied. The motion of Shimizu to strike plaintiff's supplemental memorandum (# 20) is granted. The motion of Shimizu to strike plaintiff's statement putting the making, enforceability and terms of any alleged arbitration agreement at issue and demand for jury trial contained therein (# 18) is denied. The motion of Coughlin to take judicial notice (# 21) is denied.