The ORIGINAL CALZONE CO., INC. d/b/a D.P. Dough, Plaintiff,

v.

Kenneth D. OFFIDANI, David G. Niggel, Kurt D. Miller, KDK, LLC, Defendants.

No. CIV.A.2002–10118–RBC.[1]

United States District Court, D. Massachusetts.

Oct. 15, 2002.

1. On June 26, 2002, this case was referred to the undersigned for all purposes including trial and the entry of judgment pursuant to 28 U.S.C. § 636(c). (See # 11).

Alec G. Sohmer, Brockton, MA, William A. Ponds, Andrew P. Palmer, Hanover, MA, for Plaintiff.

Richard J. Grahn, Looney & Grossman, Boston, MA, Tracy Dudecoir, Belmont, MA, David G. Winer, Winer & Winer, Bethesda, MD, for Defendants.

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE ARBITRATION PROVISIONS OF THE PURPORTED AGREEMENT(# 16)

COLLINGS, United States Magistrate Judge.

This case involves claims by plaintiff-franchisor, The Original Calzone Co., Inc., d/b/a D.P. Dough ("D.P.Dough"), brought pursuant to a Franchise Agreement (the "Franchise Agreement") between it and the defendant-franchisees, Kenneth D. Offidani, David G. Niggel, Kurt D. Miller and KDK, LLC (collectively, the "defendants"),

whereby the defendants were granted a franchise to operate a store at the University of Maryland, College Park using the plaintiff's trademark. The store was to sell calzones and beverages which patrons would purchase on a "take-out" basis. (Complaint # 1, Tab B at FA–1).

The defendants have moved to dismiss the plaintiff's seven-count complaint (# 1) on the grounds that the plaintiff failed to comply with the arbitration provisions of the Franchise Agreement at issue in this case. In short, the defendants assert that this case should be decided by an arbitrator rather than by a federal court. The defendants also argue that the Franchise Agreement is "invalid or otherwise unenforceable on both the basis that (1) the Franchise Agreement was never fully executed and delivered, and (2) the Franchise Agreement was the product of fraud or illegality. . . ." (Defendants' Motion to Dismiss for Failure to Comply with the Arbitration Provisions of the Purported Agreement # 16 at ¶ 1). However, defendants do not seek to have the validity of the contract decided by the Court; rather they seek to have that issue decided by the arbitrator. (# 16 at ¶¶ 5, 6).

The plaintiff, on the other hand, argues that this Court should decide the case in its entirety and directs the Court to two provisions of the Franchise Agreement.[2] (See Plaintiff's, The Original Calzone Company Inc. d/b/a D.P. Dough, Opposition to Defendants' Motion to Dismiss # 18 at ¶ 5). Section 13.12 of the Franchise Agreement reads, in pertinent part, as follows:

13.12. *ARBITRATION.* Except for money you [the defendants] owe us

---

**2.** The Franchise Agreement (# 1, Tab B) was executed by a representative of the plaintiff as well as all three individual defendants. (# 1, Tab B at FA–20). The defendants argue that the Franchise Agreement is invalid because it was never delivered. Of course, the Court, at this juncture, has no way of knowing whether the Franchise Agreement was ever "delivered" to the defendants. And, as explained more fully below, this issue is one that should be decided by an arbitrator.

[D.P. Dough], our affiliates, designated sources or approved suppliers and except for controversies, disputes or claims related to or based on your use of the Marks after the expiration or termination of this Agreement, all controversies[,] disputes or claims between us [D.P. Dough] and our shareholders, officers, directors, agents and employees and you [the defendants], your owners, guarantors, affiliates and employees, if applicable, arising out of or related to this Agreement or any other agreement between you [the defendants] and us [D.P. Dough] or any provision of any such agreement, our relationship with you [the defendants], the validity of this Agreement or any other agreement between you [the defendants] and us [D.P. Dough] or any provision of any such agreement; or any part of The Way We Do Things relating to the establishment and operation of the FRANCHISE, will be submitted for arbitration to the office of the American Arbitration Association that is nearest to our principal business address on demand of either party.

(# 1, Tab B at FA–17)(emphasis added). Thus, from the above-referenced provision, it is apparent that disputes over the validity of the Franchise Agreement are to be decided by an arbitrator.

In addition, Section 13.14 of the Franchise Agreement states in pertinent part that "Subject to the arbitration provisions of this Agreement, you [the defendants] agree that we [D.P. Dough] may institute any action against you…in any state or federal court of general jurisdiction in Massachusetts, and you…irrevocably submit to the jurisdiction of such courts and waive any objection you…may have to either the jurisdiction or venue in such courts." (# 1, Tab B at FA–17). Thus,

according to the Franchise Agreement, it is clear that any matter regarding monies owed by the defendants to the plaintiff and any matter arising out of the defendants' use of the Marks after the termination of the Franchise Agreement shall be decided by a Massachusetts state or federal court. All other matters-including the validity of the Franchise Agreement itself—shall be decided by an arbitrator.

In order to make a decision on the defendants' motion, it is necessary to review the various claims in the Complaint. There are seven counts in the Complaint: Count I (Declaratory Judgment); Count II (Demand for Payment on a Promissory Note); Count III (Demand for Payment and Collateral under a Security Agreement); Count IV (Conversion); Count V (Infringement of a Trade Name); Count VI (Infringement of a Copyright and Unfair Competition) and Count VII (Unauthorized Use of a Trade Name, Trade Mark and Trade and Copyright Material). Counts I–III are obviously counts dealing with monies purportedly owed by the defendants to plaintiff. And, Counts IV–VII are based on the defendants' alleged misuse of the plaintiff's trade name, trademark and copyrighted materials.

As stated above, pursuant to the Franchise Agreement, actions dealing with monies owed shall be decided by a Massachusetts state or federal court, and the defendants have consented to such jurisdiction. Thus, it appears obvious that Counts I–III, those counts dealing with monies owed, cannot be decided by an arbitrator and shall be decided by this Court. Moreover, it seems clear that Counts IV–VII must be decided by an arbitrator because they all deal with the alleged misuse of the Marks prior to termination of the Franchise Agreement.[3]

---

3. In contrast, if a claim dealt with misuse of the Marks after the termination of the Franchise Agreement, then it is to be decided by the Court. See Section 13.12 of the Franchise Agreement. (# 18 at ¶ 5). Here, there is

**356**

The unusual circumstance in this case, however, is that any disputes over the validity of the Franchise Agreement itself are to be decided by an arbitrator, yet other claims (mainly those dealing with monies owed) are to be decided by the Court. Thus, the arbitrator could find that the Franchise Agreement is invalid and then the plaintiff's claims for monies owed would likewise be invalid because they are based on an invalid agreement. So it would make no sense for this Court to decide Counts I–III until the arbitrator has decided that there is indeed a valid agreement.

Therefore, it appears that the logical course would be for the arbitrator to decide the validity of the Franchise Agreement before this Court makes any ruling on Counts I–III. This makes sense given that there has been a clear intention by the parties in this case that any disputes over the validity of the Franchise Agreement are to be decided by an arbitrator. A federal court "in which suit has been brought 'upon any issue referable to arbitration under an agreement in writing for such arbitration' [must] stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)(quoting the Federal Arbitration Act, Title 9 U.S.C. § 3).

In the instant case, the defendants have challenged the validity of the Franchise Agreement as a whole on the grounds that it was a product of fraud; they have not, however, claimed that the arbitration clause itself was a product of fraud. In this circumstance-that is, where the validity of the contract as a whole has been challenged but the validity of only the arbitration clause has not been challenged-the correct course is for the arbitrator to decide the validity of the contract.[4] "The teaching of Prima Paint is that a federal court must not remove from the arbitrator[ ] consideration of a substantive challenge to a contract unless there has been an independent challenge to the making of the arbitration clause itself." *Large v. Conseco Finance Servicing Corp.*, 292 F.3d 49, 53 (1 Cir., 2002) (*citing Unionmutual Stock Life Ins. Co. v. Beneficial Life Ins. Co.*, 774 F.2d 524, 529 (1st Cir.1985)). Simply put, "when a claim of fraud...is directed toward the arbitration clause itself, the issue is adjudicated by the court. On the other hand, when a claim of fraud...is directed toward the entire contract,...the issue is subject to arbitration." *Investment Mgmt. & Research, Inc. v. Hamilton*, 727 So.2d 71, 78 (Ala.1999)(relying on the holding of Prima Paint); *see also Hurlbut v. Gantshar*, 674 F.Supp. 385, 390 (D.Mass.1987)("Had [plaintiff] established that her challenge went to the arbitration clause alone, the issue would be one for the Court....On the other hand, disputes as to the entire document are for the arbitrator."); *A.T. Cross Co. v. Royal Selangor(S) PTE, Ltd.*,

no suggestion that the defendants were misusing the Marks after the termination of the Franchise Agreement. That is, the Franchise Agreement is still in effect. Thus, pursuant to the Franchise Agreement, such claims are to be decided by an arbitrator.

4. This is not the type of situation discussed in the case of *Large v. Conseco Finance Servicing Corp.*, 292 F.3d 49, 53–54 (1st Cir.2002), infra, in which there is a contention that no

agreement to arbitrate existed between the parties. *Id.* (discussing decisions in *Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1137–42 (9th Cir.1991), *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 100–1 (3d Cir.2000) and *McCarthy v. Azure*, 22 F.3d 351, 353–7 (1st Cir.1994)(other citations omitted)). In the instant case, both parties contend that the arbitration clause of the contract is binding on them; they differ as to its meaning.

217 F.Supp.2d 229, 233–34 (D.R.I.2002) ("when a party contends that the contract was procured fraudulently, but there is no claim that fraud was involved in the arbitration agreement itself, the Court should uphold the arbitration agreement and allow arbitration to proceed.").

Therefore, consistent with the teachings of Prima Paint and with the language of the Franchise Agreement, an arbitrator, not the Court, must decide whether the Franchise Agreement is valid. If the arbitrator determines that it is a valid agreement, then he or she can proceed to decide Counts IV–VII of the Complaint. And, moreover, if the Franchise Agreement is held to be valid, then this Court can proceed to decide Counts I–III of the Complaint. Thus, the most appropriate course is for the Court to stay resolution of Counts I–III pending a decision by the arbitrator. A court may, "with propriety, find it is efficient for its own docket...to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character...." *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863 (9th Cir.1979), cert. denied, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979).

### Conclusion and Order

For the aforementioned reasons, it is ORDERED that the Defendants' Motion to Dismiss for Failure to Comply with the Arbitration Provisions of the Purported Agreement (# 16) be, and the same hereby, is ALLOWED as to Counts IV–VII of the Complaint. That is, Counts IV–VII, as well as the validity of the Franchise Agreement, shall be decided by an arbitrator. The parties shall take the steps necessary to commence the arbitration forthwith.

This Court retains jurisdiction over Counts I–III of the Complaint. It is

FURTHER ORDERED that the litigation of Counts I–III be, and the same hereby is, STAYED pending the results of the arbitration. Counsel shall file a copy of the decision of the arbitrator within ten (10) business days from the date the arbitrator renders his/her decision.