**KRAFCIK et al., Appellees,**

**v.**

**USA ENERGY CONSULTANTS, INC., Appellant, et al.**

[Cite as *Krafcik v. USA Energy Consultants, Inc.* (1995), 107 Ohio App.3d 59.]

Court of Appeals,
Eighth District, Cuyahoga County.

No. 68692.

Decided Oct. 30, 1995.

---

N.E.2d 1106, 1109–1110; *State v. Broadus* (1984), 14 Ohio App.3d 443, 445, 14 OBR 563, 564–565, 472 N.E.2d 50, 51–52.

60

---

*Michael F. Dadisman,* for appellees.

*Gold, Rotatori & Schwartz Co., L.P., Robert A. Ranallo* and *Brian P. Downey,* for appellant.

*Per Curiam.*

Defendant-appellant USA Energy Consultants, Inc. ("USA") appeals from the trial court's order denying a stay of proceedings pending arbitration of a contract dispute arising out of defendant's installation of foam insulation in the home of plaintiffs-appellees John and Faye Krafcik. We find merit to the appeal and reverse for the reasons hereinafter stated.

This dispute arose from insulation work to be performed by defendant USA pursuant to a written contract with plaintiffs dated March 14, 1994.

Upon commencing its work, USA discovered that the walls were defectively constructed in that the drywall was not affixed to the studs in a good and workmanlike fashion. USA notified plaintiffs that remedial work would have to be done before defendant could perform the insulation work. The contract between USA and plaintiffs expressly provided as follows:

"Any controversy or claim arising out of or relating to this contract or breach thereof shall be settled by arbitration in Cleveland, Ohio, in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having a jurisdiction thereof."

Notwithstanding this provision, plaintiffs filed the instant suit against USA on August 12, 1994. Plaintiffs also named C.P. Chemical Company, the supplier of the insulation foam, as a co-defendant. Plaintiffs alleged that defendant had breached its contract for installation of foam insulation, that they had been fraudulently induced to enter into the contract, and that the insulation manufacturer had sold a defective and unreasonably dangerous product.

On September 7, 1994, defendant USA moved the trial court for a stay of proceedings pending arbitration pursuant to R.C. 2711.02 and for an order enforcing the arbitration agreement. On February 14, 1995, the trial court summarily denied the defendant's motions without a hearing and this timely appeal ensued.

We will address defendant's assignments of error in the order presented.

"I. The trial court erroneously denied defendant USA Energy Consultants, Inc.'s, motion to stay court proceedings pursuant to Ohio Rev.Code § 2711.02 where the parties were bound by a valid arbitration agreement."

R.C. 2711.02 governs the action of the trial court and this court in the circumstances presented:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending,

upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

The arbitration provision at issue is extremely broad and unlimited as to the nature of disputes that are subject to arbitration: "Any controversy or claim arising out of or related to the contract, or the breach thereof, shall be settled by arbitration * * *." Such provisions are to be given a reading in favor of arbitration.

As recently stated in *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1086:

"A clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559. In examining such a clause, a court must bear in mind the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause. *Siam Feather & Forest Prod. Co., Inc. v. Midwest Feather Co.* (S.D.Ohio 1980), 503 F.Supp. 239, affirmed (C.A.6, 1981), 663 F.2d 1073; *Gibbons–Grable Co., supra; Independence Bank, supra.*"

It cannot be said with "positive assurance" that the dispute over whether structural deficiencies impaired the defendant's ability to perform the installation is a matter outside the scope of the broad arbitration clause. On the contrary, it seems clear that such a dispute is squarely within the scope of the agreement to arbitrate.

However, plaintiffs raise several arguments that require scrutiny. Plaintiffs contend that the agreement is invalid because of fraud in the inducement of the contract and that the arbitration clause is not binding because of the presence of a co-defendant (C.P. Chemical) who is not a party to the agreement. We do not find these arguments persuasive.

"A claim that the contract containing the arbitration clause was induced by fraud does not defeat a motion to compel arbitration unless the claimant can demonstrate specifically that the arbitration clause itself was fraudulently induced." *Matter of Mgt. Recruiters Internatl., Inc. and Nebel* (N.D.Ohio 1991), 765 F.Supp. 419, 420. The rationale supporting this rule is that a broad arbitration clause, such as the one at issue in the present case, necessarily requires that the question of fraud in the inducement of the contract itself be subject to arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270. Thus, "in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration." *Weiss v. Voice/Fax Corp.* (1994), 94 Ohio App.3d 309, 313, 640 N.E.2d 875, 878. See, also, *Smith v. Snap–On–Tools Corp.* (Jan. 6, 1993), Hamilton App. No. C–910902, unreported, 1993 WL 474091.

In *Weiss*, the parties agreed to arbitrate "any controversy, dispute or claim arising out of or relating to the Agreement, or any breach thereof * * *." This language is substantively identical to the language agreed upon by the plaintiff and USA. The *Weiss* court held that this was precisely the type of broad arbitration agreement which would cover a fraud claim relating to the entire contract. *Weiss* held that since the "[a]ppellee did not challenge the validity of the arbitration clause itself, * * * [but] asserted a cause of action for fraud in the inducement which related to the validity of the entire contract and not the validity of the arbitration clause itself, the claims should have been submitted to arbitration. The trial court erred in refusing to stay its own proceedings until completion of the arbitration process." *Id.*, 94 Ohio App.3d at 313, 640 N.E.2d at 878. This holding follows the "doctrine of severability" of arbitration clauses which has received "wide acceptance" among both the state and federal courts. Domke on Commercial Arbitration (Rev.Ed.1993) 89–90, Section 8:01:

"Under this theory the issue of fraudulent inducement of the main contract, as well as other claims made by a party to a contract containing the broad arbitration agreement, go directly to arbitration, unless it is clearly shown that the parties intended to withhold such an issue from the arbitrator."

The plaintiffs herein make no claim that they were fraudulently induced to agree to the arbitration clause. Under the circumstances, the validity of the arbitration clause stands and must be enforced.

The plaintiffs also claim that the presence of a co-defendant, C.P. Chemical, Inc., who is not a party to the installation contract defeats the arbitration clause. Under Ohio law, no one can be bound by an arbitration agreement to which he is not a party. *Divine Constr. Co. v. Ohio–American*

*Water Co.* (1991), 75 Ohio App.3d 311, 316, 599 N.E.2d 388, 391–392. This does not mean, however, that the presence of a defendant who is not a party to an arbitration agreement between the plaintiffs and another defendant can defeat the arbitration agreement. See Domke, *supra,* at 120, Section 10:00 ("[A]greement to arbitrate will not be held invalid merely because there are parties to the dispute who are not bound by the arbitration agreement").

Ohio courts have not specifically addressed the issue of enforcing an arbitration agreement where some parties to the dispute are not parties to the agreement. Sister jurisdictions which have addressed this issue, however, have recognized that "an arbitration agreement must be enforced notwithstanding the presence of others who are parties to the underlying dispute but not the arbitration agreement." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Longoria* (Tex.Ct.App. 1990), 783 S.W.2d 229, 231. See, also, *Holmes v. Coverall N. Am., Inc.* (Ct.App. Md.1994), 336 Md. 534, 552, 649 A.2d 365, 373 (Involvement in the dispute of persons not parties to an arbitration agreement did not preclude enforcement of the arbitration agreement voluntarily entered into by other parties); *Jacob v. C & M Video, Inc.* (1993), 248 Ill.App.3d 654, 659, 188 Ill.Dec. 697, 701, 618 N.E.2d 1267, 1271 (Arbitration could be compelled against those parties who were parties to an arbitration agreement, and not against other parties). As these jurisdictions have recognized, it would be patently unfair to permit a plaintiff who has agreed to arbitration to escape that agreement by adding a defendant who is not a party to the arbitration contract. Indeed, failing to enforce the agreement simply because the plaintiffs have joined unrelated claims against a second defendant would fly in the face of Ohio's strong presumption in favor of arbitrability. *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090–1091; *Arnold v. Arnold Corp.* (N.D.Ohio 1987), 668 F.Supp. 625, 629.

 Under R.C. 2711.02 where any action is brought on an issue covered by a written arbitration agreement, the trial court "shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *." The language of this provision is mandatory and it "shall" be enforced.

Assignment of Error I is sustained. As USA, the party applying for the stay, is not in default in proceeding with arbitration, its motion for a stay must be granted under the statute.

"II. As the trial court made no finding that the arbitration agreement was invalid or that the parties had failed to comply with the agreement, the trial court erred in failing to order that the plaintiffs submit to arbitration pursuant to Ohio Rev.Code § 2711.03."

Given our disposition of Assignment of Error I, Assignment of Error II is moot and need not be addressed. App.R. 12(A)(1)(c).

We reverse the action of the trial court denying the motion for a stay of proceedings and direct the trial court to grant the appellant's request for a stay of proceedings pending arbitration of the contract dispute. The cause is remanded to the trial court for further proceedings consistent herewith.

*Judgment accordingly.*

JAMES M. PORTER, P.J., KARPINSKI and CORRIGAN, JJ., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.