OPINION
Defendants-appellants L M Building, Inc., Mark Metz, and Keith Lurey (collectively "appellants") appeal from the trial court's order denying their motion to dismiss or in the alternative to stay proceedings and compel arbitration. Appellants assign the following error for our review:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION.
Finding appellants' assignment of error to have merit, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
I.
On May 6, 1997, appellants entered into a contract with plaintiffs-appellees William H. Dunn and Sally A. Dunn (collectively "appellees") whereby appellants agreed to remodel appellees' kitchen for Twelve Thousand Eight Hundred Dollars ($12,800.00)
The contract was drafted by appellants and contained several boilerplate terms and conditions, including an arbitration clause. The arbitration clause of the contract stated:
 E. Any claim or controversy arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.
On December 8, 1997, appellees filed a complaint against appellants in the Cuyahoga County Court of Common Pleas. In their complaint, appellees asserted the following claims against appellants: (1) disregard of corporate entity; (2) fraud in the inducement of the arbitration clause of the contract; (3) the arbitration clause is unconscionable; (4) fraud; (5) breach of contract; (6) unworkmanlike construction; (7) failure to correct unworkmanlike construction; (8) breach of express warranties; (9) breach of implied warranty of habitability and merchantability; and (10) violations of the Consumer Sales Practices Act.
On February 2, 1998, appellants filed a motion to dismiss or in the alternative to stay proceedings and compel arbitration. On March 5, 1998, appellees filed a brief in opposition to appellants' motion. In their brief in opposition, appellees directly challenged the validity of the arbitration clause. Appellees also included a demand for a jury trial on the issue of the validity of the arbitration clause.
On April 28, 1998, the underlying case was referred to the court's Board of Arbitration. However, the trial court vacated the arbitration referral journal on August 4, 1998.[1] On September 2, 1998, the trial court overruled appellants' motion to dismiss or in the alternative to stay proceedings and compel arbitration. Therefrom, appellants filed the instant appeal.[2]
II.
In their sole assignment of error, appellants claim that the trial court erred in denying their motion to dismiss or in the alternative to stay proceedings and compel arbitration. Appellants based their motion, and the instant appeal, on R.C. 2711.02 and R.C. 2711.03.
R.C. 2711.02 requires a court to stay an action if the issues involved fall under an arbitration agreement. See ABM Farms, Inc.v. Woods (1998), 81 Ohio St.3d 498, 500. Under R.C. 2711.03, a party to an arbitration agreement may seek a court order directing the other party to proceed to arbitration. Id.
Ohio courts encourage arbitration to settle disputes. ABMFarms, 81 Ohio St.3d at 500. It is well-established that a claim that the contract containing the arbitration clause was induced by fraud does not defeat a motion to compel arbitration unless the claimant can demonstrate specifically that the arbitration clause itself was fraudulently induced. Krafcik v. USA EnergyConsultants, Inc. (1995), 107 Ohio App.3d 59, 63. However, proof of fraud in the inducement of the arbitration provision itself does defeat a motion to compel arbitration. ABM Farms,81 Ohio St.3d at 501.
In the instant case, the appellees have directly challenged the validity of the arbitration clause. In count two of their complaint, appellees asserted fraud in the inducement of the arbitration clause. Appellees also asserted, in count three, that the arbitration clause is unconscionable. Appellees repeated these assertions in their brief in opposition to appellants' motion, and demanded a jury trial on the issue of the validity of the arbitration clause.
When the validity of an arbitration provision itself is at issue, a trial court must follow the procedures provided for in R.C. 2711.03:
 * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement.
(Emphasis added.)
In the instant case, the trial court failed to hold a hearing to determine if there was a legitimate challenge to the validity of the arbitration clause. Therefore, we remand this case to the trial court for the purpose of holding a hearing pursuant to R.C.2711.03.
Furthermore, if the court determines that the validity of the arbitration provision is not in issue after hearing the parties, the court should stay the proceedings and compel arbitration. R.C.2711.03; R.C. 2711.02. On the other hand, if the court determines that the validity of the arbitration provision is in issue, the court should proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C. 2711.03. Thereafter, the court should either grant appellants' motion to stay proceedings and compel arbitration, or deny the same, depending on the decision of the jury. R.C. 2711.03.
The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with R.C. 2711.03 and this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, PRESIDING JUDGE.
LEO M. SPELLACY, JUDGE
KENNETH A. ROCCO, JUDGE
[1] Appellees claim that appellants voluntarily submitted to court-referred arbitration and, therefore, waived their right to arbitration in accordance with the contract. However, the record on appeal does not demonstrate that appellants consented to the trial court's arbitration referral.
[2] Pursuant to R.C. 2711.02, an order that grants or denies a stay of any action pending arbitration is a final appealable order.