Although I concur in the majority opinion's decision to affirm the trial court's order, I write separately in order to more fully address some issues raised in the spirited dissenting opinion.
This case presents facts that differ in significant ways from those presented in both ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498
and Krafcik v. USA Energy Consultants, Inc. (1995),107 Ohio App.3d 59, upon which the dissenting opinion primarily relies.
First, appellants, in their answer, denied the existence of any agreement between themselves and appellee. It seems illogical, therefore, to permit appellants to assert appellee is bound by an arbitration clause which, incidentally, fails to provide any procedure for the parties to follow in invoking it and is contained in only one of the documents he attached to his complaint.
Second, unlike the cases relied upon by the dissenting opinion, a factual question exists concerning exactly which of the appellants supposedly is bound by the "Consulting Account Management Agreement." Thus, while in Krafcik the trial court simply could enforce the arbitration clause contained in the plaintiff's written agreement with the defendant/general contractor and direct the remaining party to await resolution of that controversy, in this case, the trial court inappropriately would be required to conduct a preliminary factual determination.
For these reasons, I concur with the majority's opinion's disposition of this appeal and believe the trial court correctly denied appellants' motion to stay the proceedings pending arbitration.