WHITE, Appellant,

v.

EQUITY, INC. et al., Appellees.

[Cite as *White v. Equity, Inc.*, 191 Ohio App.3d 141, 2010-Ohio-4743.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–131.

Decided Sept. 30, 2010.

142

The Behal Law Group, L.L.C., and Jack D'Aurora, for appellant.

Madison & Rosan, L.L.P., Kristin E. Rosan, and Darcy A. Shafer, for appellees.

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Tammy White, appeals from the judgment of the Franklin County Count Court of Common Pleas dismissing her claim for spoliation of evidence against Equity, Inc. ("Equity"), Steven P. Wathen, Gregory M. Gillott, and John A. Brooks, and staying her claims for breach of contract against Equity Land Investments, L.L.C. ("ELI") and implied-in-law contract against Palm Beach MOB, L.L.C. ("PBMOB"), EOP, L.L.C. ("EOP"), and Wathen, pending arbitration. For the following reasons, we reverse.

{¶ 2} We begin by reviewing the salient facts and procedural history in this case. Appellant, a licensed real estate agent, worked as a sales agent for Equity, a healthcare-facility developer, pursuant to an independent-contractor agreement ("ICA") executed between Equity and appellant in January 2006. The ICA contained the following arbitration provisions:

14. ARBITRATION OF DISPUTES.
* * *

B. *Dispute Between Contractor and Another of Equity's Associates.* In the event of a dispute between Contractor and another of Equity's independent contractors, employees or associates, whether related to a commission dispute, ethical matter or any other problem, said dispute shall be submitted for resolution to the Equity's Arbitration Committee which shall be comprised [of] Steven P. Wathen, James S. Forrest and one (1) attorney to be selected by Equity, in Equity's sole discretion. The decision of the Equity's Arbitration Committee shall be binding upon the Contractor. Contractor and Equity shall

pay the cost of the attorney according to the commission split applicable to the transaction or transactions as set forth in Exhibit A.

\* \* \*

18. TERMINATION OF AGREEMENT.

\* \* \*

E. *Dispute After Termination.* Any dispute between the Parties arising after the Termination Date, but pertaining to this Agreement, shall be resolved pursuant to the third party arbitration standards as then set forth by the Columbus Board of Realtors for its members.

{¶ 3} In October 2006, Equity terminated the ICA with appellant. In 2007, appellant filed a combined action for a discovery order and a tort action for spoliation of evidence against Equity and its principals, Wathen, Gillott, and Brooks. In her pleading, appellant claimed that she was entitled to commission payments from Equity relating to development projects in Palm Beach and Atlanta and the sale of two properties in Columbus. Appellant maintained that Equity had denied her access to documents pertaining to the deals upon which she could claim entitlement to commissions under the ICA. Although appellant conceded that the ICA required determination of her commission claims by arbitration, she argued that she needed discovery to determine whether she could plead a breach-of-contract claim in arbitration and that she was unable to initiate an arbitration claim without discovery. Accordingly, appellant requested that the court order Equity to produce specified documents and answer interrogatories. Appellant also alleged that Wathen, Gillott, and Brooks had engaged in spoliation of evidence by willfully and maliciously redacting and destroying her original ICA in order to disrupt her ability to prosecute her claims for commissions.

{¶ 4} The defendants in that action filed a motion to stay appellant's claims pending arbitration, pursuant to R.C. 2711.02, along with a request for sanctions. The trial court granted the motion for stay but denied the request for sanctions. This court reversed, finding that the trial court erred in staying appellant's action for discovery. Specifically, we held that a complaint or petition for presuit discovery does not present an issue referable to arbitration for purposes of R.C. 2711.02. *White v. Equity,* 178 Ohio App.3d 604, 2008-Ohio-5226, 899 N.E.2d 205, ¶ 15, 17. We further found that the trial court had failed to consider the applicability of R.C. 2711.02 to appellant's spoliation-of-evidence claim and, accordingly, remanded the matter for consideration of that issue.

{¶ 5} Following this court's remand, appellant, on January 16, 2009, entered into a joint stipulation with Wathen, Gillott, and Brooks allowing appellant to file an amended complaint adding new parties ELI, PBMOB, and EOP. The stipulation provided that the new parties did not waive any claim that appellant's newly asserted claims were subject to arbitration under the ICA.

{¶ 6} On January 22, 2009, appellant filed her amended complaint. Therein, appellant alleged that while working as a sales agent for Equity, she procured a development project with Caperian, Inc., a company involved in medical-facility development in Palm Beach. Appellant further alleged that Wathen, Gillott, and Brooks had pursued that development project on their own behalf or on behalf of legal entities in which they held an ownership interest.

{¶ 7} Appellant's first cause of action asserted a claim for spoliation of evidence against Equity, Wathen, Gillott, and Brooks. Specifically, appellant alleged that Wathen, Gillott, and Brooks had willfully and maliciously redacted portions of her original ICA, sent appellant a copy of the redacted ICA, and then destroyed her original ICA in order to disrupt her ability to prosecute her claim for commissions.

{¶ 8} Appellant's second cause of action asserted a claim for breach of contract against ELI. Specifically, appellant asserted that ELI, whose sole member is Wathen, had entered into a contract with Equity pursuant to which ELI took assignment of Caperian's right to purchase the Palm Beach property. Appellant alleged that pursuant to a buyer-paid-fee policy, she is a third-party beneficiary of the contract and is thus entitled to a commission of six percent of the purchase price.

{¶ 9} Appellant's third cause of action asserted a claim for unjust enrichment arising out of an implied-in-law contract against PBMOB, EOP, and Wathen. More particularly, appellant asserted that ELI had assigned its interest in the Palm Beach property to PBMOB, which had as two of its members Wathen and EOP (which had as one of its members Wathen), and that PBMOB subsequently entered into an agreement with Equity to construct a medical facility on the Palm Beach property. Appellant further alleged that even though PBMOB, EOP, and Wathen knew or should have known that payment was expected in exchange for the opportunity PBMOB received through appellant's services, those entities had refused to pay appellant and, accordingly, had been unjustly enriched.

{¶ 10} On February 9, 2009, appellees, Equity, Wathen, Gillott, Brooks, ELI, PBMOB, and EOP filed a motion to stay appellant's claims pending arbitration pursuant to R.C. 2711.02 and 2711.03 or to compel appellant to proceed to arbitration on all her claims. Appellees contemporaneously filed a motion to dismiss appellant's claims pursuant to Civ.R. 12(B)(6). Appellant opposed both motions.

{¶ 11} On January 27, 2010, the trial court issued a decision and entry. Therein, the court granted appellees' motion to stay appellant's breach-of-contract and implied-in-law-contract claims on grounds that those claims could not be maintained without reference to the ICA and ordered the parties to seek resolution in arbitration pursuant to the ICA. In addition, the court denied

appellees' motion to dismiss as to appellant's breach-of-contract and implied-in-law-contract claims but granted appellees' motion as to appellant's claim for spoliation of evidence, finding that appellant "fail[ed] to set forth support for the five elements of the cause of action." On February 5, 2010, the trial court issued a judgment entry dismissing appellant's spoliation-of-evidence claim and staying the breach-of-contract and implied-in-law-contract claims pending arbitration.

{¶ 12} Appellant filed a timely notice of appeal and now asserts the following two assignments of error:

Assignment of Error No. 1

The trial court erred in staying the claims for breach of contract and implied-in-law contract and ordering that they be arbitrated.

Assignment of Error No. 2

The trial court erred in dismissing the spoliation claim.

{¶ 13} Appellant's first assignment of error contends that the trial court erred in staying her claims for breach of contract and implied-in-law contract pending arbitration. We agree.

{¶ 14} R.C. Chapter 2711 sets forth the law pertaining to the enforcement of arbitration provisions. "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract * * * or any agreement in writing between two or more persons to submit to arbitration any controversy * * * arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A).

{¶ 15} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B). An order granting or denying a motion for a stay pending arbitration is a final, appealable order. R.C. 2711.02(C); *Battle v. Bill Swad Chevrolet, Inc.* (2000), 140 Ohio App.3d 185, 187, 746 N.E.2d 1167.

■ {¶ 16} Appellate courts generally review a trial court's decision regarding a motion to stay proceedings pending arbitration under an abuse-of-discretion standard. However, the de novo standard of review is proper when the appeal presents a question of law. *John R. Davis Trust v. Beggs,* 10th Dist. No. 08AP–432, 2008-Ohio-6311, 2008 WL 5104808, ¶ 7.

{¶ 17} "A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859.

{¶ 18} In *Council of Smaller Ents. v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 687 N.E.2d 1352, the Supreme Court of Ohio adopted four general principles for evaluating a dispute's arbitrability: (1) that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," (2) that the question whether a particular claim is subject to arbitration is one of law for the court to decide, (3) that when deciding whether the parties have agreed to submit a particular claim to arbitration, a court may not rule on the potential merits of the underlying claim, and (4) that when a "contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. at 665–666, 687 N.E.2d 1352, quoting *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 648–650, 106 S.Ct. 1415, 89 L.Ed.2d 648.

{¶ 19} The first and fourth principles adopted in *Council of Smaller Ents.* are particularly relevant to the instant case.[1] Those principles establish that appellant cannot be compelled to submit her breach-of-contract and implied-in-law-contract claims against ELI, PBMOB, EOP, and Wathen to arbitration if those parties are not parties to the contract containing the arbitration provisions but that any doubt or ambiguity in the arbitration provision should be resolved in favor of arbitration. As the court recognized in *Stillings v. Franklin Twp. Bd. of Trustees* (1994), 97 Ohio App.3d 504, 508, 646 N.E.2d 1184, "even though the general rule establishes a strong presumption in favor of arbitration, that rule cannot expand the scope of an arbitration clause beyond that which was expressly intended by the parties." In other words, a court must "look first to whether the parties agreed to arbitrate a dispute, not to general policy goals, to determine the scope of the agreement." *E.E.O.C. v. Waffle House, Inc.* (2002), 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755.

---

1. Regarding the second principle, the parties do not dispute that the question of arbitrability is a matter for judicial determination. As to the third principle, none of the parties have suggested that this court should rule on the merits of appellant's breach-of-contract and implied-in-law-contract claims, and the trial court did not do so.

{¶ 20} In the motion for stay, appellees contended that appellant's breach-of-contract claim against ELI and her implied-in-law-contract claim against PBMOB, EOP, and Wathen are subject to arbitration pursuant to Paragraph 18(E) of the ICA. As noted, Paragraph 18(E) pertains to disputes that arise after termination of the independent contractor, and provides, "Any dispute between the Parties arising after the Termination Date, but pertaining to this Agreement, shall be resolved pursuant to the third party arbitration standards as then set forth by the Columbus Board of Realtors for its members." Appellees acknowledged that only Equity and appellant are named parties to the ICA. However, appellees maintained that both claims pertain to the ICA, as her underlying demand is for commissions she may be entitled to receive based upon her relationship as an independent contractor with Equity. Citing *Krafcik v. USA Energy Consultants, Inc.* (1995), 107 Ohio App.3d 59, 63–64, 667 N.E.2d 1027, appellees asserted that appellant's naming of ELI, PBMOB, and EOP as new defendants was merely a back-door attempt to avoid arbitrating her commission claims against Equity and that appellant may not avoid the arbitration provision in Paragraph 18(E) by naming additional parties who were not parties to the arbitration agreement.

{¶ 21} In response, appellant argued that Paragraph 18(E) is inapplicable to appellant's claims against ELI, PBMOB, EOP, and Wathen because none of those parties are parties to the ICA. Appellant noted that neither Wathen nor anyone acting on behalf of ELI, PBMOB or EOP signed the ICA. Appellant further argued that her breach-of-contract and implied-in-law-contract claims do not derive from the ICA. Specifically, appellant asserted that her breach-of-contract claim against ELI is based solely upon the obligation made by ELI to pay a commission, pursuant to the buyer-paid-fee policy she received while employed by Equity and that her claim for implied-in-law-contract against PBMOB, EOP, and Wathen is based upon their development of a medical building made possible because of appellant's efforts.

{¶ 22} We agree with appellant's contention that the trial court erred in granting appellees' motion to stay appellant's breach-of-contract and implied-in-law-contract claims. Paragraph 18(E) of the ICA, by its terms, applies to "any dispute between the *Parties* " to the ICA. (Emphasis added.) The only parties to the ICA are appellant and Equity, as made clear by the first paragraph of the ICA, which reads:

> **THIS INDEPENDENT CONTRACTOR AGREEMENT** (hereinafter the "Agreement") is made as of the date indicated below is by and between Equity Concepts Development Corporation, an Ohio corporation, (hereinafter "Equity"), and, TAMMY WHITE (hereinafter the "Contractor", Equity and Contractor collectively known as the "Parties").

{¶ 23} The last page of the ICA is signed by appellant and Brooks in his capacity as executive vice-president of Equity. The ICA is not signed by Wathen or anyone on behalf of ELI, PBMOB or EOP. Appellant did not enter into a written contract with an arbitration provision with any of the parties named in her claims for breach of contract and implied-in-law contract. Without a contract obligating appellant to arbitrate her disputes with these parties, appellant cannot be ordered to arbitrate her claims against them. *Council of Smaller Ents.*

{¶ 24} Further, only those disputes "pertaining to [the ICA]" are subject to arbitration under Paragraph 18(E). Appellant's breach-of-contract claim against ELI is based solely upon the obligation made by ELI to pay a commission pursuant to the buyer-paid-fee policy she received while employed by Equity. Her claim for implied-in-law contract against PBMOB, EOP, and Wathen is based upon their development of a medical building made possible by appellant's efforts. Neither of these claims pertains to the ICA, and both may be maintained without reference to it.

{¶ 25} Although the trial court's decision does not indicate whether it granted appellees' motion to stay pursuant to Paragraph 14(B) or 18(E), we presume that the trial court ordered the stay pursuant to Paragraph 18(E), as Paragraph 14(B) pertains only to disputes arising during an independent contractor's employment with Equity. Counsel for appellees conceded this point at oral argument. Having determined that appellant's claims against ELI, PBMOB, EOP, and Wathen are not subject to arbitration pursuant to Paragraph 18(E) of the ICA, we hold that the trial court erred as a matter of law in granting appellees' motion to stay appellant's breach-of-contract and implied-in-law-contract claims pending arbitration. Accordingly, we sustain the first assignment of error.

{¶ 26} By her second assignment of error, appellant claims that the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss her spoliation-of-evidence claim against Equity, Wathen, Gillott, and Brooks upon a finding that appellant "fail[ed] to set forth support for the five elements of the cause of action." We agree.

{¶ 27} In *Neinast v. Ohio Expositions Comm.*, 10th Dist. No. 09AP–3498, 2009-Ohio-4850, 2009 WL 2940164, ¶ 8, this court set forth the standards applicable to review of a Civ.R. 12(B)(6) dismissal:

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* [(1992)], 65 Ohio St.3d 545, 548, 605 N.E.2d 378 * * *. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*

(1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In construing the complaint upon a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We review a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted de novo. *Stewart v. Fifth Third Bank of Columbus* (Jan. 25, 2001), 10th Dist. No. 00AP–258, 2001 WL 58727. In addressing a Civ.R. 12(B)(6) motion, a trial court may only consider the statements and facts contained in the complaint and may not consider or rely on evidence outside the complaint. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098.

{¶ 28} A pleading need only contain a short and plain statement of the circumstances entitling a party to relief. Civ.R. 8(A); *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771. A plaintiff is not required to prove his or her case at the pleading state and need only give reasonable notice of the claim, so long as specific facts, rather than mere unsupported conclusions, are alleged. *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 37, 656 N.E.2d 334. So long as facts have been pleaded that would allow for recovery, a court may not grant a motion to dismiss. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063.

{¶ 29} To recover on a claim for spoliation of evidence, a plaintiff must prove all of the following elements: (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts. *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037.

{¶ 30} In her amended complaint, appellant asserted the following allegations pertaining to her spoliation-of-evidence claim:

14. After Equity precluded Ms. White access to material information concerning the development projects she had been handling and then terminated Ms. White's agency relationship, it was probable that litigation would follow.

15. Mr. Brooks, Mr. Gillott and Mr. Wathen knew that litigation was probable.

16. On information and belief, Ms. White alleges that Mr. Brooks and/or Mr. Gillott and/or Mr. Wathen willfully redacted the original of the ICA signed by Ms. White and sent her the copy of the ICA that is attached as Exhibit 1. On information and belief, these individuals then destroyed the original of the

ICA and did so to disrupt Ms. White's ability to prosecute her claim for commissions.

* * *

18. Without the original and complete copy of the ICA signed by Ms. White, her claim for commissions is substantially disrupted, which directly results in damages to Ms. White in an amount to be proven at trial.

{¶ 31} The foregoing factual allegations, construed in favor of appellant, clearly set forth a claim for spoliation of evidence. Counsel for appellees conceded this point at oral argument. We thus conclude that the trial court erred in dismissing appellant's claim for spoliation of evidence based upon a finding that appellant failed to set forth sufficient facts to establish a claim. Accordingly, we sustain the second assignment of error.

{¶ 32} Having sustained both of appellant's assignments of error, we hereby reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings in accordance with law and consistent with this decision.

Judgment reversed
and cause remanded.

KLATT and FRENCH, JJ., concur.