[Cite as *Epps v. State Farm Auto. Ins.*, 2022-Ohio-4084.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHELLE EPPS, | : | |
| Plaintiff-Appellant, | : | No. 111378 |
| v. | : | |
| STATE FARM AUTOMOBILE INSURANCE, | : | |
| Defendant-Appellee. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** November 17 ,2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-955713

---

### *Appearances:*

The Henry Law Firm and Eric W. Henry, *for appellant.*

Gallagher, Gams, Tallan, Barnes & Littrell L.L.P. and James R. Gallagher, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Plaintiff-appellant, Michelle Epps, appeals the trial court's stay of proceedings in her declaratory-judgment action seeking an order that her insurer, State Farm Mutual Automobile Insurance ("State Farm") has no subrogation rights

to settlement proceeds she negotiated with Allstate Insurance Co. (Allstate). Because State Farm is subject to an arbitration agreement with Allstate regarding any disputed subrogation rights, the trial court did not abuse its discretion in staying the case pursuant to R.C. 2711.02(B) pending State Farm's arbitration with Allstate.

I. PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On August 28, 2019, Michelle Epps was involved in an automobile accident and suffered injuries. Epps was insured by State Farm. Robert Nieves, the other motorist involved, was insured by Allstate. State Farm paid Epps $5,000 pursuant to the Medical Payments Coverage provision in State Farm's insurance policy issued to Epps.

{¶ 3} On August 16, 2021, Epps's counsel informed State Farm that Epps wished to settle her claim with Nieves's insurer, Allstate, and sought to "confirm her repayment/subrogation obligation with State Farm for the medical payments coverage." On August 18, 2021, State Farm informed Epps's counsel that she was not authorized to make a claim for, collect, negotiate, or otherwise attempt in any way to recover State Farm's $5,000 subrogated interest for the medical-payments coverage provided by State Farm.

{¶ 4} On August 30, 2021, Epps settled her personal-injury claim with Allstate. Included in the settlement agreement was a provision that Allstate would

hold $5,000 in abeyance, the amount of the medical-payments coverage, pending Epps obtaining a release from State Farm of its subrogation claim for the $5,000.

{¶ 5} On September 7, 2021, Epps's counsel informed State Farm that because State Farm refused Epps's assistance in collecting its subrogated interest from Allstate and the two-year statute of limitations expired for Epps to file a lawsuit against Nieves, Epps's counsel believed State Farm's subrogated interest for the medical-payments coverage also expired and State Farm no longer possessed a valid subrogation interest. Counsel requested that State Farm release its subrogation claim. On October 7, 2021, State Farm informed Epps that it would not release its claim as it was in arbitration proceedings with Allstate to recover the $5,000 medical-payments coverage it had paid Epps.

{¶ 6} On November 12, 2021, Epps filed a declaratory judgment action against State Farm seeking an order from the court that "State Farm has no subrogation rights against [Epps's] car crash settlement where State Farm expressly declined [Epps's] assistance in collecting its subrogation interest and then failed to timely initiate a civil action against the tortfeasor."[1]

{¶ 7} In answering Epps's complaint, State Farm alleged that it was bound by a mandatory intercompany arbitration agreement with Allstate in order to

---

[1] Epps did not join Allstate in the declaratory judgment action. State Farm indicated at oral argument that it could not join Allstate in the action as it was required to submit its claim in arbitration.

enforce its subrogation interest and its subrogation claim was perfected upon State Farm filing its claim against Allstate with "Arbitration Forums, Inc." on June 29, 2021. State Farm also filed a motion for stay of all proceedings pending its arbitration with Allstate pursuant to R.C. 2711.02. Within the motion, State Farm argued that "Ohio statutory and 8th Appellate District law provide that the stay of proceedings requested by State Farm is mandatory, even though Plaintiff Epps is not a party to the mandatory arbitration agreement." Epps argued that State Farm did not demonstrate that it was bound by an arbitration agreement and that, further, because she was not subject to an arbitration agreement with State Farm, the trial court could not stay the case for arbitration.

{¶ 8} In reply to Epps's argument that it did not present evidence that there was an arbitration agreement, State Farm referred the trial court to a Specimen Copy of the Arbitration Forums Medical Payment Subrogation Arbitration Agreement attached to its amended answer. It further referred the trial court to screenshots from Arbitration Forums Member Directory showing State Farm and Allstate to be members of that intercompany-arbitration process, and Arbitration Forum, Inc.'s Rules" effective August 1, 2021. State Farm also provided the trial court with a copy of State Farm's Medical Payments Subrogation Claim that was submitted to arbitration.

{¶ 9} The trial court granted State Farm's motion for stay pending arbitration, from which order Epps appeals.

II.  LAW AND ARGUMENT

A.  ASSIGNMENT OF ERROR

{¶ 10} Pursuant to R.C. 2711.02(C), Epps appeals the stay of proceedings and raises one assignment of error, which reads:

The trial court erred in granting defendant-appellee State Farm's motion to stay proceedings pending arbitration where plaintiff-appellant Michelle Epps was neither a party to, nor a signatory of, an arbitration agreement.

{¶ 11} Epps argues that State Farm cannot bind Epps to an arbitration agreement to which she is not a party.  Epps also argues that State Farm did not show that it was bound by an arbitration agreement where it attached only a specimen agreement regarding arbitration.  State Farm argues that it provided sufficient evidence that it was bound to an arbitration agreement with Allstate.  State Farm further argues that there is a presumption in Ohio law favoring arbitration and because it was required to arbitrate its subrogation claim with Allstate, the trial court did not abuse its discretion by granting its motion to stay proceedings pursuant to R.C. 2711.02(B).

B.  STANDARD OF REVIEW AND APPLICABLE LAW

{¶ 12} In this case, we are tasked with reviewing the propriety of the trial court's order to stay the proceedings.  A trial court's decision to stay proceedings pending arbitration is reviewed for an abuse of discretion.  *Mak v. Silberman*, 8th Dist. Cuyahoga No. 95590, 2011-Ohio-854, ¶ 11, citing *Brooks v. Doverwood Estates*, 8th Dist. Cuyahoga No. 90397, 2008-Ohio-3791, ¶ 7; *Sikes v. Ganley*

*Pontiac Honda, Inc.*, 8th Dist. Cuyahoga No. 82889, 2004-Ohio-155. We will affirm a decision to stay proceedings "[a]bsent a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable." *Id.*

{¶ 13} "Ohio has a strong public policy favoring arbitration of disputes, and there is a presumption favoring arbitration that arises when the dispute falls within the scope of an arbitration provision." *Franklin Dissolution L.P. v. Athenian Fund Mgt.*, 8th Dist. Cuyahoga No. 110641, 2022-Ohio-623, ¶ 18. In furtherance of this policy, R.C. 2711.02(B) requires a trial court to stay an action at the request of a party in an action "brought upon any *issue* referable to arbitration." (Emphasis added.) R.C. 2711.02(B) specifically provides:

> (B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

### C. THE TRIAL COURT DID NOT ABUSE ITS DISRECTION BY STAYING THE PROCEEDINGS PENDING ARBITRATION

{¶ 14} In her declaratory judgment action, Epps sought a ruling that State Farm had no subrogation right to the $5,000 State Farm paid for medical-payments coverage and that was included in her settlement with Allstate. State Farm asserted that pursuant to the Medical Payment Subrogation Arbitration Agreement, it was

required to arbitrate any medical-payment subrogation claims with Allstate through Arbitration Forums, Inc.

{¶ 15} Epps argues that the trial court erred in granting the stay as she was not a party to an arbitration agreement, and she is correct in stating that no one can be bound by an arbitration agreement to which they are not a party. *See Krafcik v. USA Energy Consultants*, 107 Ohio App.3d 59, 63, 667 N.E.2d 1027 (8th Dist.1995). However, R.C. 2711.02(B) does not limit its mandate to stay proceedings to cases in which all parties in a lawsuit are subject to an arbitration agreement. Rather, R.C. 2711.02(B) mandates the trial court to stay proceedings where the lawsuit is "brought upon any issue referable to arbitration." This and other courts of appeals have found that a trial court does not abuse its discretion in granting a stay where some, but not all, parties in a lawsuit are subject to an arbitration agreement. *Krafcik* at 63-64; *Panzica Constr. Co. v. GRE Ins. Group,* 8th Dist. Cuyahoga No. 79931, 2002-Ohio-2023, ¶ 15; *Zellner v. Prestige Gardens Rehab. & Nursing Ctr.*, 3d Dist. Union No. 14-18-14, 2019-Ohio-595, ¶ 42; *Hoppel v. Feldman*, 7th Dist. Columbiana No. 09 CO 34, 2011-Ohio-1183, ¶ 49-50; *Painesville Twp. Local School Dist. v. Natl. Energy Mgt. Inst.,* 113 Ohio App.3d 687, 695, 681 N.E.2d 1369 (11th Dist.1996), fn.2. As such, the trial court did not abuse its discretion in granting the motion to stay where Epps was not a party to an arbitration agreement so long as the requirements of R.C. 2711.02(B) were met.

{¶ 16} R.C. 2711.02(B) requires the trial court to order a stay of proceedings where it is 1) "satisfied" that there is a written arbitration agreement, and 2) where

an issue upon which the suit is brought is subject to that arbitration agreement. As to the existence of a written arbitration agreement, State Farm submitted a series of documents that when read together provided evidence in the record for the trial court to be satisfied that State Farm and Allstate are members of an organization in which they are bound by a written agreement to arbitrate medical-payment subrogation claims.

{¶ 17} As to whether an issue upon which the lawsuit was brought is subject to the arbitration agreement, Epps sought a declaration from the trial court that State Farm had no subrogation interest in the medical payments. That interest was subject to an arbitration agreement with Allstate, and in fact, State Farm was actively pursuing its interest in the medical payments made to Epps. Accordingly, the mandate to stay the case pending arbitration in R.C. 2711.02(B) applies and we do not find that the trial court abused its discretion by staying the proceedings.

{¶ 18} The sole assignment of error is overruled.

III. CONCLUSION

{¶ 19} Epps filed a declaratory-judgment action to have the trial court determine that State Farm did not have a subrogation interest as to her settlement agreement with Allstate. State Farm provided evidence that it was subject to an arbitration agreement with Allstate for the recovery of its subrogated interest in the medical payments made to Epps. Although Epps is not subject to the arbitration agreement between State Farm and Allstate, R.C. 2711.02(B) mandates that proceedings be stayed where an issue is subject to an arbitration agreement, not

where all parties in a lawsuit are subject to an arbitration agreement. As such, the trial court did not abuse its discretion by staying the proceedings.

{¶ 20} Judgment affirmed, and the case is remanded to the trial court.

{¶ 21} It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR